UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. PETERSON, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00019-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.   BACKGROUND**

Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this action. Plaintiff filed the complaint commencing this action on December 16, 2021.  (ECF No. 1). Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*.

As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

1

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

### III. ANALYSIS

    *i. Strikes*

Plaintiff initiated this action on December 16, 2021. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Williams v. Corcoran State Prison, E.D. CA, Case No. 1:21-cv-01009, ECF No. 9, in which Magistrate Judge Barbara A. McAuliffe found that Plaintiff had at least three "strikes" prior to filing the action. That action was filed on June 25, 2021. Id. at ECF No. 1.

The Court also takes judicial notice of: 1) Williams v. Aparicio, C.D. CA, Case No. 2:14-cv-08640, ECF Nos. 8 & 9 (dismissed as time-barred);[1] 2) Williams v. Kerkfoot, C.D. CA, Case No. 2:14-cv-07583, ECF Nos. 18 & 21 (dismissed as time-barred); 3) Williams v. Young, C.D. CA, Case No. 2:14-cv-08037, ECF No. 17 (dismissed as time-barred); 4) Williams v. Paramo, 9th Cir., Case No. 18-55319, ECF No. 7 (dismissed as frivolous); 5) Williams v. R.J.D. Medical Staff Building, 9th Cir., Case No. 18-55709, ECF No. 5 (dismissed

---

[1] If a case is dismissed because it is clear from the face of the complaint that the action is time-barred, the dismissal counts as a "strike." See Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015) (affirming district court's decision to count a case as a strike where the case was dismissed as Heck barred and time-barred); El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.'") (alteration in original) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)).

as frivolous); 6) <u>Williams v. Navarro</u>, 9th Cir., Case No. 20-56163, ECF No. 8 (dismissed as frivolous); <u>Williams v. Young</u>, 9th Cir., Case No. 15-55967, ECF Nos. 8 & 10 (Plaintiff's application to proceed *in forma pauperis* was denied because the appeal was frivolous, and the case was later dismissed because Plaintiff failed to pay the filing fee).[2]

    ii. *Imminent Danger*

  As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." <u>Blackman v. Mjening</u>, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  <u>See also</u> <u>Martin</u>, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)….").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

  Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a

---

[2] If an application to proceed in forma pauperis is denied by an appellate court because the appeal is frivolous, the case counts as a "strike" even if the appeal is not dismissed until later when the plaintiff fails to pay the filing fee.  <u>Richey v. Dahne</u>, 807 F.3d 1202, 1208 (9th Cir. 2015).

favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations.  Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff's complaint is a twenty-six-page narrative complaint against numerous officers working at Corcoran State Prison.  Plaintiff also includes over 100 pages of exhibits.  Plaintiff complains, among other things, about lack of medical care, retaliatory false Rules Violation Reports, sexual assault, failure to protect, and the conditions of confinement he was subjected to at Corcoran State Prison.  However, before filing this case, Plaintiff was transferred to Folsom State Prison.  (ECF No. 1, pgs. 1 & 24).  Thus, Defendants are no longer responsible for Plaintiff's health or safety.  There are also no allegations suggesting that Defendants have any control over Plaintiff's housing at Folsom State Prison.

Plaintiff does attempt to allege that he is in imminent danger at Folsom State Prison. Plaintiff alleges that certain defendants stated that Plaintiff would get stabbed if he got transferred to a non-programming facility.  However, there are also no allegations suggesting that any inmates at Folsom State Prison ever threatened Plaintiff with serious harm or attacked Plaintiff because he was transferred to a non-programming facility.  On page twenty-four of the complaint, Plaintiff does allege that he is in "imminent danger of serious physical injury," and he includes approximately two sentences to support this allegation.  (ECF No. 1, p. 24). Plaintiff alleges that, since he has been transferred, inmates have already assaulted him four times.  The inmates told Plaintiff that "officers ordered it and paid them to do it for Corcoran officers to get plaintiff to drop his active complaints on Corcoran[']s staff."  (Id. at 24). However, the allegations included in these two sentences are conclusory.  Plaintiff does not state when he was assaulted, how he was assaulted, or how badly he was injured.  Thus, Plaintiff has not sufficiently alleged that he was in imminent danger of serious physical injury at the time he filed his complaint.

Even if he did, Plaintiff's complaint does not reveal a nexus between the imminent danger it alleges and the claims it asserts. While it is difficult to determine due to the length, number of defendants, and narrative nature of Plaintiff's complaint, it does not appear that Plaintiff is asserting a claim against any defendant based on the alleged assaults at Folsom State Prison.

Moreover, he has not sufficiently alleged that any defendant in this action asked officers at Folsom State Prison to have Plaintiff attacked by inmates at Folsom State Prison. While officers at Folsom State Prison may be responsible for having Plaintiff attacked and for not protecting Plaintiff from attack, as the responsible officers appear to work at a different prison than Defendants and are not the defendants in this action, a favorable judicial outcome against Defendants would not redress Plaintiff's alleged injury at Folsom State Prison.

Based on the foregoing, even liberally construing Plaintiff's complaint, Plaintiff has not sufficiently alleged that he was in imminent danger of serious physical injury at the time he filed his complaint. And, even if he did, his complaint does not reveal a nexus between the imminent danger and the claims it asserts.

As Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

The Court notes that if officers at Folsom State Prison are having Plaintiff attacked by inmates and/or failing to protect Plaintiff from attacks, he may file a separate action against those officers.

**IV. CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **January 6, 2022**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE